UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER G., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-1545-MJD-RLY |
| | ) |
| KILOLO KIJAKAZI, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR ATTORNEY FEES**

This matter is before the Court on Plaintiff's counsel's motion entitled Plaintiff's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b). [Dkt. 24.] For the reasons set forth below, the motion is **GRANTED IN PART**.

**I. Background**

On May 29, 2020, Plaintiff filed a complaint seeking to reverse the decision of the Commissioner of Social Security denying her application for Social Security benefits. [Dkt. 1.] On January 6, 2021, the Court granted the parties' joint motion to remand and entered judgment reversing and remanding the case to the Social Security Administration for further proceedings. [Dkt. 18, 19.] Plaintiff received an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), in the amount of $2,250.00, which was paid to Plaintiff's counsel. [Dkt. 23.]

On remand, the Commissioner issued a favorable decision. [Dkt. 24-2.] Plaintiff was awarded past-due benefits in the amount of $91,825.00, $22,956.25 (25%) of which was withheld by the Commissioner for a potential fee award. *Id.*

On August 30, 2022, Plaintiff's counsel filed the instant motion, seeking an award of attorney's fees pursuant to Section 406(b) of the Social Security Act. [Dkt. 24.] Counsel asks the Court to order the Commissioner to remit to counsel $22,956.25, and to order counsel to refund Plaintiff the $2,250.00 in EAJA fees that was awarded by the Court.

## II. Legal Standard

Section 406(b) of the Social Security Act provides that a district court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a disability benefit appeal. 42 U.S.C. § 406(b)(1)(A). The Court must review the outcome of any contingent fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

## III. Discussion

As noted above, Plaintiff's counsel seeks an award of attorney fees in the amount of $22,956.25, which is 25 percent of the total past-due benefits awarded to Plaintiff and consistent with the contingency fee agreement between Plaintiff and her counsel. The Supreme Court in *Gisbrecht* found that section 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. That said, the Court may not simply rubberstamp any fee request that is consistent with the contingency fee agreement. Rather, the Court is tasked with ensuring that the amount of fees awarded is reasonable. In making this reasonableness determination, *Gisbrecht* instructs district courts to

consider such factors as: (1) the quality of the representation; (2) the results achieved; (3) any delay caused by the attorney that results in the accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the time the attorney spent on the case, in which case a "downward adjustment" is appropriate to avoid a windfall for counsel.  *Id.* at 808.

The Commissioner notes in her response to the instant motion that a fee award of $22,956.25 in this case would equate to awarding Plaintiff's counsel $1,978.98 for each of the 11.6 hours she spent on this case in this court.  [Dkt. 27.]  That, the Commissioner argues, would be a windfall, and therefore a downward adjustment is appropriate.  *Id.*

The Court agrees.  For over a decade, "'[w]ithin the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 [have] consistently [been] found to be reasonable.'"  *Bradley L. v. Kijakazi*, 2021 WL 3931167, at *3 (S.D. Ind. Sept. 2, 2021) (quoting *Taylor v. Berryhill*, 2018 WL 4932042, at *2 (S.D. Ind. Oct. 10, 2018)); *see also Zimmerman v. Astrue*, 2011 WL 5980086, at *3 (N.D. Ind. Nov. 29, 2011) (approving an award equivalent to an hourly rate of $410); *Duke v. Astrue*, 2010 WL 3522572, at *3-4 (N.D. Ind. Aug. 30, 2010) (approving award equivalent to an hourly rate of $549.14); *Schimpf v. Astrue*, 2008 WL 4614658, at *3 (N.D. Ind. Oct. 16, 2008) (approving award equivalent to an hourly rate of $583.50).  Plaintiff cites to several cases—only one from this district—in which awards that reflected significantly higher equivalent hourly rates were made.  *See* [Dkt. 24 at 4] (citing *Janet H. v. Saul*, No. 1:19-cv-939 (S.D. Ind. Nov. 25, 2020) (equivalent hourly rate of $3,333.00);[1]

---

[1] The Court notes that in the *Janet H.* case, the attorney requested only $10,000.00, even though 25% of the past due benefits awarded totaled $26,612.75.  *See Janet H. v. Saul*, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020).

3

*McPeters v. Saul*, No. 4:17-cv-41 (N.D. Ind. May 15, 2020) (equivalent hourly rate of $1,522.14); *Kirby v. Berryhill*, No. 14-cv-5936 (N.D. Il. Nov. 29, 2017) (equivalent hourly rate of $1,612.28); *Parker v. Saul*, No, 1:16-cv-437 (N.D. Ind. Oct. 13, 2020) (equivalent hourly rate of $1,409.47); *Heise v. Colvin*, No. 14-cv-739 (W.D. Wis. Dec. 15, 2016) (equivalent hourly rate of just over $1,100); *Zenner v. Saul*, No. 4:16-cv-51 (N.D. Ind. Apr. 8, 2020) (equivalent hourly rate of $1,167.28); *Baughman v. Saul*, No. 1:17-cv-175 (N.D. Ind. July 6, 2021) (equivalent hourly rate of $1,269.27); *cf. Chasidy A. v. Kijakazi*, 2022 WL 2305708, at *3 (S.D. Ind. June 27, 2022) (finding that an implied hourly rate of $1,332 "would be a windfall," that "[a]n hourly rate in the $1,000 to $1,200 range is reasonable," and awarding an award equivalent to $1,200.00 per hour); *Shirley S. v. Kijakazi*, 2022 WL 2305723, at *2 (S.D. Ind. June 27, 2022) (finding that an implied hourly rate of $1,397.05 "would be a windfall," that "[a]n hourly rate in the $1,000 to $1,200 range is reasonable," and awarding an award equivalent to $1,200.00 per hour); *Bradley L. v. Kijakazi*, 2021 WL 3931167, at *5 (S.D. Ind. Sept. 2, 2021) (reducing award from effective hourly rate of $2,261.20 per hour to $1200.00 per hour); *Allison S. v. Saul*, 2020 WL 7028034, at *2 (S.D. Ind. Nov. 30, 2020) (reducing award from effective hourly rate of $1,745.95 to $600.00 per hour for Plaintiff's counsel in this case); *but see Cynthia L. v. Saul*, 2019 WL 10060470, at *3 (S.D. Ind. Sept. 20, 2019) (approving effective hourly rate of $600.39 for Plaintiff's counsel in this case, but noting that it "call[ed] into question the bounds of reasonableness in this district").

Given the Court's role in ensuring that fee awards are reasonable under the circumstances of each case, it is not surprising that there is a range of determinations regarding what it reasonable. In this case, the Court, in its discretion, determines that awarding Plaintiff's counsel $22,956.25 in fees would result in a windfall in light of the amount of time counsel spent on the case, and therefore a downward adjustment is in order. The Court finds an award of $13,920.00

4

to be reasonable, and further finds that such an award reasonably takes into account the risks associated with litigating social security cases.

### IV. Conclusion

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's counsel's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b), [Dkt. 24], and awards fees in the amount of $13,920.00, to be paid directly to Plaintiff's counsel by the Commissioner. Plaintiff's counsel is **ORDERED** to refund to Plaintiff the $2,250.00 in EAJA fees previously paid to counsel **within thirty days** of the receipt of the funds from the Commissioner and to file a confirmation with the Court that the refund has been made within that time period..

SO ORDERED.

Dated: 8 NOV 2022

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system